IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JAMAAL A. MCNEIL, | ) | 8:09CV281 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| UNITED STATES OF AMERICA, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Plaintiff's Motion for Leave to Proceed In Forma Pauperis (filing no. 2) and other motions filed by Plaintiff. In the last three months, Plaintiff has filed six separate actions in this court, all of which relate to the dismissal of previous cases.[1] A review of the court's records shows that, each time one of Plaintiff's cases is dismissed, he responds by filing a separate action against the District Judge who dismissed it.

In each case prior to this matter,[2] the court informed Plaintiff that, on three previous occasions while incarcerated, he filed a complaint that was frivolous, malicious, or failed to state a claim upon which relief may be granted. Therefore, because he had "struck out" under the provisions of 28 U.S.C. § 1915(g), Plaintiff was not permitted to proceed in forma pauperis ("IFP") without first showing that he was in danger of imminent harm. In each previous case, the court permitted Plaintiff the opportunity to either pay the entire filing fee or to show cause why the matter should not be dismissed pursuant to 28 U.S.C. § 1915(g). In each case, Plaintiff failed to do so, instead arguing that the previous dismissals referred to by

---

[1]These six matters are Case Nos. 4:09CV3114, 4:09CV3115, 8:09CV231, 8:09CV256, 8:09CV281, and 8:09CV287.

[2]To be clear, the cases prior to this matter are: 4:09CV3114, 4:09CV3115, 8:09CV231, and 8:09CV256.

the court had been, or would be, overturned by the Eighth Circuit.[3] The court carefully reviewed Plaintiff's filings in those cases and determined that Plaintiff failed to show that he was entitled to proceed IFP. The court therefore dismissed each case pursuant to 28 U.S.C. § 1915(g).

This matter is no different. Here, Plaintiff asserts claims against District Judge Laurie Smith Camp, and other individuals, because she dismissed Case No. 8:09CV3114. (Filing No. 1 at CM/ECF p. 3.) He does not allege imminent harm and does not show how any of the three previously-identified cases were not dismissed for failure to state a claim upon which relief may be granted. Plaintiff "struck out" under 28 U.S.C. § 1915(g) long ago. Each time he files a new complaint and the court reminds him of this fact, he files a frivolous and malicious lawsuit against the judge. Plaintiff will no longer be permitted to abuse this court's processes in this manner. Indeed, "[t]he Court may, in its discretion, place reasonable restrictions on any litigant who files non-meritorious actions for obviously malicious purposes and who generally abuses judicial process." *In re Tyler*, 677 F. Supp. 1410, 1412 (D. Neb. 1987) (citations omitted).

With this in mind, this matter is dismissed with prejudice, and all of the pending motions are denied, pursuant to 28 U.S.C. § 1915(g), and because it is frivolous and malicious. In addition, the Clerk of the court will be directed to accept no further filings from Plaintiff in this matter except for a notice of appeal. To prevent further abuse, Plaintiff will no longer be permitted to file a complaint in this court and proceed IFP without first seeking leave to do so. If Plaintiff proposes to file a complaint and proceed IFP, but the complaint does not show on its face that Plaintiff is in danger of imminent harm, the court will direct the Clerk of the court to return the proposed complaint to Plaintiff without filing it, as set forth below.

---

[3]Notably, Plaintiff's assertions that the previous dismissals had been, or would be, overturned is incorrect. As recently set forth by the Eighth Circuit's Chief Deputy Clerk in a letter to Plaintiff, "[y]ou continue to assert that the prior denials of your writs of mandamus have overturned and reversed the district court's orders. This is not an accurate statement of the procedural history of your numerous petitions filed in this court." (*See* Eighth Circuit Case No. 09-2437.)

IT IS THEREFORE ORDERED that:

1. Plaintiff's claims against all Defendants, and this matter, are dismissed with prejudice.

2. All other pending motions are denied.

3. A separate judgment will be entered in accordance with this Memorandum and Order.

4. Any future case proposed to be filed in this court by Plaintiff shall be referred to the Supervising Pro Se Judge, Richard G. Kopf, or his successor, for review before filing, and the Clerk of the court is directed not to file any such case until this review has been completed. The Supervising Pro Se Judge shall review any such tendered complaint and if it fails to comply with this Memorandum and Order and applicable law it shall be returned to Plaintiff without filing. A record of any such submission and return shall be maintained by the Clerk in the CM/ECF system under the "PS" designation or as otherwise directed by the Supervising Pro Se Judge.

September 11, 2009.                BY THE COURT:

                                   s/ Joseph F. Bataillon
                                   Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.